# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| CHARLES E. HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-03184-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL CLAYTON BEASLEY and | ) | |
| ARIZONA SHOWER DOOR CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on plaintiff Charles E. Houston's ("Houston") motion to remand, ECF No. 6. For the reasons set forth below, the court denies the motion to remand.

## I. BACKGROUND

This case arises out of a motor vehicle collision that occurred on March 28, 2014, in Jasper County. Houston was driving south on I-95 when defendant Michael Clayton Beasley ("Beasley," with defendant Arizona Shower Door Co., collectively "defendants"), collided with the rear of his vehicle leading to substantial damage to Houston's vehicle. On March 13, 2017, Houston filed an amended complaint against defendants in the Jasper County Court of Common Pleas. Defendants removed this case on November 22, 2017, and in their notice of removal state that they learned only upon receipt of Houston's answers to interrogatories that the amount-in-controversy exceeded $75,000. Houston filed this motion to remand on December 18, 2017, to which defendants responded on January 2, 2018. This case has been fully briefed and is now ripe for the court's review.

## II. STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon a motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted).

## III. DISCUSSION

Houston moves to remand this case to the Jasper County Court of Common Pleas on the ground that defendants were untimely in filing a notice of removal. Defendants contend that while they did remove the case six months after the complaint was filed, they did not know from the face of the amended complaint that the amount-in-controversy was over the $75,000 threshold to satisfy federal jurisdiction, and it was not until Houston filed answers to the interrogatories that they became aware that there were grounds for removal. The disposition of this motion turns upon a discrete issue—whether defendants could ascertain from the face of the amended complaint that the amount-in-controversy would exceed $75,000, or if defendants did not know until they received Houston's answers to the interrogatories that the amount-in-controversy was met. The court finds that it is the latter, and denies the motion to remand.

28 U.S.C. § 1446 governs the procedure for removal. Section 1446(b) provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). The first paragraph

of § 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases that although not initially removable, later become removable:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Under § 1446(b), the thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals "on its face" a basis for federal jurisdiction. In Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997), the Fourth Circuit ruled that courts need not inquire into the subjective knowledge of the defendant but instead should "rely on the face of the initial pleading and on the documents exchanged" by the parties to determine when the defendant had notice of the grounds for removal.

Houston argues that defendants were on notice of the "severity of the collision and the substantial damages" that he sustained by May 2017, when defendants filed their answer in state court. ECF No. 6 at 3. On August 24, 2014, Houston's counsel sent medical bills that Houston had incurred to Beasley's insurance carrier, and also advised that Houston incurred lost wages as a result of the collision. Houston points out that by this date, defendants were aware that he had incurred $16,000 in medical expenses and that Houston would be making a claim for lost wages. ECF No. 6 at 5. However, $16,000 is a far cry from $75,000. Furthermore, a review of the letter that Houston's counsel sent to defendants in August 2014 shows that Houston's counsel indicated only

3

that he was "still in the process of obtaining Mr. Houston's lost wage information," not that his lost wages were for an amount that would near the amount-in-controversy.

Next, Houston contends that because the amended complaint included a request for punitive damages, this was sufficient to alert defendants that the amount-in-controversy was over $75,000. However, in Hagood v. Electrolux Home Prod., Inc., 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) the court stated that:

> [While] some courts have found that, when an unspecified amount of damages is claimed, the [amount-in-controversy] is satisfied for purposes of remand unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of $75,000 . . . invocation of the possibility of actual, consequential, and punitive damages being awarded, without more, is inadequate to establish that the amount in controversy exceeds the jurisdictional amount.

Similarly, in Hamilton v. Ocwen Loan Servicing, LLC, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) the court ruled that a "request for punitive damages alone does not show that the jurisdictional minimum has been met." The Hamilton court found that "jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future." Id. (quoting Hagood, 2006 WL 1663804, at *2). In line with Hagood and Hamilton, the court finds that the prayer for unspecified damages, which included punitive damages, in Houston's amended complaint did not put defendants on notice that the damages would exceed the amount-in-controversy threshold.

Houston next contends that defendants should have known that the amount-in-controversy was fulfilled because the parties were completely diverse and the complaint did not include a cap on damages. In support, Houston cites to Brown v. Kearse ex rel. Estate of Grant, 481 F. Supp. 2d 515 (D.S.C. 2007), where the court remanded a case

where the plaintiff filed a complaint that did not include a cap on damages. It is certainly true that in Kearse the court specifically noted that the defendant was "aware of the amount of plaintiff's medical bill." Id. at 520. But in Brown, the plaintiff had submitted an affidavit that her medical bills exceeded $85,000. Id. There is no such affidavit here, distinguishing it from Brown. Instead, the defendants knew only of the $16,000 in medical bills that Houston's counsel sent defendants' insurer. While Houston's counsel did include a note in this letter that more medical bills were "forthcoming," this alone does not put defendants on notice that the amount-in-controversy would rise to more than $75,000.

Courts can "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). This court has held that plaintiff's responses to a request to admit constitute an "other paper" within the meaning of 28 U.S.C. § 1446 for purposes of calculating whether removal was timely. See Mack v. Wal-Mart Stores, Inc, 2007 WL 3177000, at *2 (D.S.C. Oct. 26, 2007) (court determined from plaintiff's responses to requests for admission that amount in controversy was established). Here, the "other paper" is Houston's answer to interrogatories, which defendants received on October 23, 2017. It was not until this answer that Houston identified the medical expenses and lost wages stemming from the accident as totaling more than $300,000. Defendants removed the case within 30 days of receiving Houston's answer. The only ground that Houston presents to this court to remand this case is that the defendant's removal was untimely.

Since the court finds that the defendants' removal was timely, the motion to remand is denied.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to remand.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 1, 2018**
**Charleston, South Carolina**